The next case on for argument is Noel v. WalMart Stores. Craig Weatherly, Plaintiff Appellant, In April of 2016, Mr. Noel was employed by WalMart as a pharmacist manager in its facility in St. Albans, Vermont. At that time, WalMart announced a change in the requirements for his position, one of which was of particular concern to him. The announcement advised similarly situated employees that pharmacists and pharmacist managers would have to be certified to administer immunizations by subcutaneous injection. There was a problem for Mr. Noel because he has a phobic disorder concerning needles, which is known as trypanophobia, and he inquired about getting an exemption from this newly stated requirement, and he was referred to WalMart's seven-step process for securing an accommodation. He followed that process. He filled out the forms required. He secured his physician's certification of the nature and disabling condition that he suffers from. And on July 19th, WalMart sent him by letter an approval determination of the exemption he had requested. That document appears in the joint appendix. Now, at that time, it was not the administration of injections was not an essential requirement of his job. Is that right? No. The announcement in April said that it is an essential. That wasn't exactly the language of the announcement. It didn't use the term essential. The announcement required new hires to have this certification and continuing employees to get it by October. Yes, Your Honor. Until October, there was no obligation on him to either administer injections or to get the certification to administer injections. The April announcement describes this as minimum qualification for all pharmacists, and he was given until October to secure the certification. So I'm just trying to understand. So until October, he was perfectly entitled not to get his certification, and if he didn't get the certification, he couldn't administer injections. Is that right? That's correct. As I understand it, yes, Your Honor. If you're not certified, you can't do it. So as of July, he was not obligated as part of his job to give an injection. If somebody walked in the store and said, I want to get an immunization, and it takes a needle to do it, and he said, no, I'm sorry, I'm not certified to do that, he would not be in breach of any of his employment obligations. That's as I understand it, Your Honor. But if he had not had a disability, if there was a fellow pharmacist there who didn't have this disability, and the customer came in and asked for an injection, and that pharmacist was certified, he could give the injection. That person could, and Walmart would expect him to. If he said, no, I'm sorry, I don't feel like doing it today, presumably that guy could get fired. Well, yes, I think we could go there, yes. I guess what I'm saying is it was Walmart offered the service of injections. Employees who were certified were expected to give injections even in July. But Mr. Noll was told, it's not, at least as of now, part of your required job description. You don't have to do that. Well, yes, he would have to be certified in order to be permitted to do it. But he doesn't have to be certified until October. That's correct. But if he does not secure exemption prior to October, he's out of work. His livelihood is on the line. And did this letter say, I have it here, did it say that you don't have to get the certification by October? Page 17 of the joint appendix. The letter says, your request that you be excused from administering immunizations has been approved. But there's two problems. First, as Judge Lynch has pointed out, the certification requirement didn't kick in until October 16, 2016. So as of July, he wasn't required to have the certification. So that, while I'm going to have some questions for Walmart as to why they sent that letter in July. But as of July, he wasn't obligated to be certified to give immunizations. Secondly, in the July 19, 2016 letter, Walmart reserves its right to revisit the approval, that is to say, the accommodation, quote, at any time, close quote. So it wasn't for all time. They didn't grant the accommodation for all time. They reserved their right to revisit it as they deemed appropriate. And it seems like they decided to revisit it as of October 16, when the certification kicked in, the certification requirement. And they decided at that point that they weren't going to continue with the accommodation. Isn't that what happened? Well, we don't know, Your Honor, because we're dealing with a 12B6 case. And I would refer the court to the complaint, which alleges that there was no modification of Mr. Knoll's job description after the July accommodation was granted to him. But they did modify it, didn't they, in November? Didn't they issue a modified job description which included the requirement that you have immunization certification? That requirement was imposed in April. And the district court in effect— Effective in October. Well, indeed, he was given time in order to become certified. There's a process you have to go through to be certified. And for reasons that we don't know, pharmacist managers were given additional time to get certified. But the district court recognized in its memorandum of decision that what occurred in October and November was just a restatement of what was announced in April. There wasn't any change in what the requirements for Mr. Knoll's position were. That's the reason why he sought an exemption, because he can't do it. And he had to secure that exemption before October. The worst case scenario, Mr. Weatherly, at the time of the district court's determination of the 12B6 motion, is that there's at the very least ambiguity in how you balance out this letter and then what effectively went on later. And the district court chose to try to resolve those issues as opposed to let there be discovery or whatever else was next. With respect to Mr. Knoll's statutory claim, the court's error was finding as fact, on the basis of nothing more than the employer's job description, that the performance of immunizations was an essential function. And this court has said, in McMillan v. City of New York, that the court has an obligation to engage in a factual inquiry into both the employer's characterization of an employment requirement as essential, and also into the way that the position is performed in practice. None of that took place here. The district court usurped the fact-finding process, and announced that because Wal-Mart said so, it's an essential function. That was error. Mr. Knoll also has . . . Is that what you're saying? They can't decide that they want all their pharmacists to give immunizations? No, that's not my argument at all. Wal-Mart can certainly require employees to wear red ties every day if they want. The question is whether that's an essential function. And the employer's announcement that wearing red ties every day is an essential function is not the end of the inquiry. And that's what this court has said. And the McMillan case is a very good example of that. That was a Rule 56 case in which the question was whether the plaintiff's inability to regularly meet a start time for work was contrary to an essential function of showing up for work. And this court said that the district court did not engage in an adequate factual inquiry about that. So you want essentially the opportunity to retry the Stevens case, right? Because the Stevens case involved a very, very similar policy that Rite Aid had, right? I want the opportunity to try the Stevens case. I don't want to retry it. Well, the Stevens was tried. Indeed. And the plaintiff won at the jury. And rightly or wrongly, we decided that as a matter of law, this was an essential function of the job, notwithstanding the trial and the jury verdict. So I'm having a little trouble understanding what would make Wal-Mart different from Rite Aid. In the Stevens case, the Rite Aid case, this court did not hold as a matter of law that all pharmacists must perform immunizations. Notwithstanding that for the entirety of his career, just like Mr. Noel up through July and beyond up until October, had perfectly well complied with all the requirements of the job without administering injections. Yes. So what did we rely on in Stevens that is not present here? A record of evidence adduced at trial? The evidence at trial was pretty much all in Stevens' favor except for the fact that Wal-Mart had decided to change its policy because of competitive conditions in the pharmacy industry and require that injections be given. It's unquestionably what went on in the background, but it remains that we're not dealing with a Rule 50 case as it was with Stevens v. Rite Aid. We're dealing with a 12B6 case. And the question, as far as Mr. Noel's statutory claim goes, is whether the performance of immunizations is an essential function. And that is a fact-dependent inquiry, which the district court did not engage in. The district court accepted the job description offered up by Wal-Mart as the end of the discussion, even recognizing that there was an allegation in the complaint and a document supporting that allegation that suggested a contrary conclusion. But the district court felt it was confident to find as fact in ruling on a 12B6 motion that performance of immunizations was an essential function, and that was error. Did you want to have a question? No, sorry. Mr. Noel also has contract claims. I see. You're well over your time. Well over my time. I'm sorry. I did reserve a minute for rebuttal. I understood that Wal-Mart's case was on submission. If the court wants to hear from Wal-Mart. Yes, no, understood. We had assumed that too, but Ms. Catherine had misunderstood our procedures. So we are indulging her and letting her argue. Good morning. May it please the Court. My name is Melinda Catherine, and I'm here on behalf of Wal-Mart. I'm sorry, you pronounce your name? Catherine. Oh, Catherine. Okay, sorry. I did not request oral argument, and I mistakenly understood that if plaintiff's counsel requested it and received it, that I would have an opportunity to argue as well. So I'm happy to respond to any questions that you may have for me. I have a question. You sent a letter July 19, 2016, saying that the administration of immunizations is not considered to be an essential function of your position. Correct, at that point in time. Oh, but it doesn't. One would think, having sent out the policy in April, that there would be some acknowledgement of it or reference to it in the July 19 letter, but there isn't. It just flat out says that it's not an essential function of your position, period. Well, the notice that was sent out in April explained that new pharmacists would be required to be able to give immunizations right away, but incumbent pharmacists would not be required to do that until October of 2016. So at the time that he requested a modification, it was not. It was after the April notice. It was after the April notice, but before he was required, before it was a requirement of his position. So the letter that was sent to him in July explained that it wasn't considered an essential function at that point in time because he wasn't required to do it. Don't you think it behooved Walmart at that time to at least acknowledge that there was this policy that had been issued back in April and that as of October 16th it was going to be viewed as an essential function? Wouldn't it have behooved Walmart to acknowledge the new policy rather than just flat out say that the administration of immunizations is not an essential function of your position? Well, Your Honor, there may have been a more perfect way to do it. However, when they sent out the notice, they reserved the right to make changes at any point in time depending on the business needs of the company, depending on how it impacted other employees. Excuse me, couldn't one read that reservation, if we're going to call it that, as prospective and Walmart having already announced its policy, it seems to me, or at least there's some question, having already announced its policy, this reasonably could be read as saying, there's the policy, we're not making a prospective change. The policy is you folks who are already in the field have to get it by October. We're making an exception for you. You're not telling them after this letter that they have to go get certified. But, Your Honor, the letter doesn't say that we're making an exception for you and that you'll never have to be able to give immunizations. It doesn't say that. No, but the problem is, the issue, I think, is does it raise an issue of fact? I mean, your adversary emphasized that this was decided on a Rule 12b-6 motion, and the question I have is, why doesn't the July 19, 2016 letter raise an issue of fact? I understand you have an explanation, and the explanation is that, well, there's a couple explanations. One is that certification requirement didn't kick in until October, so it wasn't in place in July. And then, secondly, Walmart reserved its rights. But the problem is Walmart said it's not an essential function of your position. And you have an explanation, but the judge dismissed this on a Rule 12b-6 motion. And there can't be any fact issues, material issues of fact, on a Rule 12b-6 motion. And that's the problem, I think. And I don't disagree with you on that point of law. However, if you look at the allegations in the complaint, together with the documents that are incorporated by reference, I think that the district court judge appropriately dismissed it, because the plaintiff does not allege that he's a qualified individual with a disability or that he could perform the essential functions of the job. The allegation in the complaint, paragraph 7, says that plaintiff sought exemption from this alteration of his job description. In other words, what the complaint alleges is that he was seeking an accommodation with respect to the new policy, not with respect to what he was doing or not doing between July and October. But, Your Honor, as a matter of law, a reasonable accommodation is not eliminating an essential function of the job. It's an accommodation to allow an employee to perform the essential function of the job. And that's not what he was asking for. But if he requests an exemption prospectively from a prospective policy, and he is told, you have that, it's granted, because it is not an essential function of your job, does that not raise some kind of issue as to whether it is or is the new policy is or is not essential? I would disagree with you on that point, because it is clear from the record that the announcement came out in April that he was not required to give immunizations until October. So as of July, it was not an essential function of his job. I understand that, but he didn't, according to the complaint, now I notice that neither side has apparently given us in the appendix an actual copy of what he submitted in requesting an accommodation. Is that right? All that I see here is the approval of the request. But the complaint says that it was a request for an exemption from the alteration of his job description, not a request for an accommodation in July under the present circumstances. So there at least is an allegation. Now maybe, as you say, this incorporates documents by reference, and maybe if the request to the accommodation people in HR didn't make clear that that's what he was requesting, that would support the view that maybe this isn't how it should be taken. But the allegation is that that's what he was asking for, and then he's told it's granted because that's not an essential function. But, Your Honor, it's also clear from the record that that was not a requirement of his job until October of 2016. Right. But the accommodation letter does not say. So from July to October, you have this exemption. It says your request is granted, and the complaint alleges that the request was prospective. And why wouldn't they say you don't need to request an accommodation because it's not a requirement? Well, it does say that it's not an essential function. So in essence, that is what they're saying. Yeah, I mean, it is. But they didn't say you don't need to request it. You didn't even have to ask us because it's not there. We're not telling you to do anything. But they didn't say that. So why doesn't that fact alone raise a question of fact to be determined by a trier of fact, or at least to be fleshed out more in competing affidavits on a summary judgment motion? We didn't even get there. But, Your Honor, I go back to the fact that the plaintiff has not alleged that he's a qualified individual with a disability and that he can perform the essential functions of the job without a reasonable accommodation. What he alleges is that this was a requirement of the job and that he couldn't do it. No, no, no. The question is whether it is an essential function of the job. I take it that in July already it was a function of the job, that if he didn't have a disability, if he weren't requesting or receiving an accommodation, if he got a certification in July, I take it he would be ‑‑ I mean, Walmart didn't start offering injections until October? It was not a requirement of his job. It was a requirement of new pharmacists who joined after, I think, April 6th of 2016. Well, wait. So if another pharmacist said, oh, this is great, I'll go out and get my certification, got his certification, it's July the 19th, 2016, in walks somebody and asks for an injection, does Walmart offer that service in July of 2016? That's not clear from the record. I see. What it says is that they were required to be certified. The new pharmacists were required to be certified as of April 2016. But then we're back to the issue of why is there any issue of an accommodation. If it is not any function of his job, essential or otherwise, if no pharmacist in Walmart gives injections, then what possibly could they be giving an accommodation for except under the new policy when they start giving injections? But that's why the letter said that at that point in time it wasn't an essential function and they also reserved the right to amend it at any point in time. But it doesn't say that, ma'am. It doesn't say at this time. It doesn't even acknowledge that there's been a policy announcement in April. It just flat out says it's not an essential function of your position. It doesn't say at this time. It just doesn't say that. But it is clear from the record that that is the case, even though that letter might not say it. Well, I thought you were going to say it does say, this approval is subject to further review in case your job description is revised in the future. That's correct. And I take it his job description as it existed before actually November when the official job description, the new job description is issued. I take it the job description in July apparently did not contain that essential function language. That's correct, Your Honor. Well, you say that's correct. But, I mean, we have to infer that, though, don't we, because we don't have a copy of whatever the job description was in July. But based on the allegations of plaintiff's complaint together with the documents that are incorporated, that is how it is alleged. And I would also add that the common law claims, they fail to state claims, and they are preempted by the Vermont Fair Employment Practices Act. Thank you. I'm out of time. Thank you, Your Honor. Mr. Weatherly, you've reserved a minute. Thank you. I would just point out that this appears on page 29 of the joint appendix. The district court made the observation that the November 17th job description, which post-dated my client's termination, was essentially just a codification of the immunization policy, which was announced on April 8th. I want to point out just one thing with respect to the July 19th letter. The question whether performing immunizations is an essential function is a legal question. It goes to whether one is qualified under the Vermont Fair Employment Practices Act. It has nothing to do with whether, as a matter of contract, Walmart has agreed to accommodate my client and exempt him from performing that function, whether it is, as a matter of law, essential under . . . I don't see how you have a contract claim at all because the promise is only we're letting you do this now, but we reserve the right to change it at any time in the future. How is there a promise that in October, in November, in the next day, we're not going to change our minds about this? There is no period in the letter after revisit this approval at any time. Walmart reserved the right to review this approval for specified purposes, to review the effectiveness of the accommodation, its impact on business operations and coworkers, and or if there is a material change in either your situation or in the business needs of the facility. That's a second reservation. The first reservation is the approval is subject to further review in case your job description is revised in the future. Then there's another reservation of rights that even if your job description is not changed . . . because I would take it that whether they say in the job description it's essential or not, you know, what I might . . . well, one issue, an argument that was made in the Stevens case, was that there should be an inquiry and there was an inquiry and the jury made a finding . . . that they could have moved him to a different store where there were multiple pharmacists or something like that, right? There are different circumstances, whether it's an essential function or not. It could become an essential function if he's the only pharmacist within X miles or something like that. So, there are . . . even before they change the job description or without changing the job description, all these other things in Paragraph 3 of the letter could happen. It could just turn out to be too difficult to cover that store or something like that. And it's entirely possible that nobody in St. Albans, Vermont, chose to go to Walmart to get their immunizations and it becomes . . . But, we don't know any of these things. No, I'm just saying that the . . . you're saying they made him a promise that he would not have to give injections by sending this letter, apart from the Vermont statute. No, I'm saying that Walmart said, you are exempt from performing immunizations unless, in the future, we determine that any of these later circumstances require us to . . . as a condition of the first reservation of rights in Paragraph 1, which just says, this is subject to review if your job description is revised, which did indeed happen. Well, I dispute that. I dispute that there was any change in my client's job description after April 8 and after July 9. And the district court saw it the same way, that the requirement that he perform immunizations was in place in April. Okay. Thank you. Thank you, Your Honor. Thank you both. We will reserve decision.